# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1520

_____

| | | |
|---|---|---|
| Dennis A. Granlund, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| Northwest Airlines, Inc., | * | **[UNPUBLISHED]** |
| | * | |
| Appellee. | * | |

_____

Submitted: November 7, 2001
Filed: November 16, 2001

_____

Before WOLLMAN, Chief Judge, BOWMAN, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Dennis Granlund was discharged by Northwest Airlines, Inc. (NWA) following an internal investigation in which NWA concluded that he had abused travel-pass privileges. Granlund then brought this action under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101, et seq., and the Minnesota Human Rights Act (MHRA), Minn. Stat. Ann. §§ 363.01, et seq., alleging that he was discharged because of a perceived disability (alcoholism) and in retaliation for his pursuit of rights under a collective bargaining agreement and his off-duty consumption of

alcohol. After the district court[1] granted summary judgment to NWA, Granlund appealed. Upon careful de novo review of the record, see Mathews v. Trilogy Communications, Inc., 143 F.3d 1160, 1163 (8th Cir. 1998), we affirm.

Assuming Granlund established prima facie cases of disability discrimination and retaliation (and we agree with the district court that he did not), he failed to create a jury issue on whether NWA's legitimate, non-discriminatory reason for his discharge was merely a pretext for discrimination or retaliation. See Williams v. Ford Motor Co., 14 F.3d 1305, 1309-10 (8th Cir. 1994) (no pretext where evidence did not show allegedly comparable employees had similar work histories, similar justifications for rule infraction, or other similarities, and where there was no evidence other employees had engaged in additional misconduct as plaintiff had).

We also conclude the district court did not abuse its discretion in denying Granlund leave to amend his complaint after the court's deadline for amendment had passed, see Knoth & Smith & Nephew Richards, 195 F.3d 355, 358 (8th Cir. 1999), or in awarding sanctions to NWA for Granlund's failure to attend his duly noticed deposition, see Farnsworth v. City of Kansas City, 863 F.2d 33, 34 (8th Cir. 1988) (per curiam), cert. denied, 493 U.S. 820 (1989).

Accordingly, we affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]The HONORABLE DONOVAN W. FRANK, United States District Judge for the District of Minnesota.